Judge Vergil H. Gibbs, Columbus, for plaintiff in error.

Matz & Matz, Woodsfield, and Frank Ketterer, Woodsfield, for defendants in error.

## TAX COMMISSION v HARTLINE et

Ohio Appeals, 7th Dist, Monroe Co

Decided May 28, 1935

## OPINION

By ROBERTS, J.

The law applicable to this case is provided in §5332 GC so far as important provisions as follows:

"A tax is hereby levied upon the succession to any property passing in trust or otherwise to or for the use of a person, institution or corporation in the following cases: first, when the succession is by will or by the intestate laws of this state from a person who was a resident at the time of his death; second, when the succession is by will or by the intestate laws of this state or another state or country to property within this state from a person who was not a resident of this state at the time of his death; third, when the succession is property from a resident or to property within this state from a non resident by deed, grant, sale, assignment or gift made without a valuable consideration, substantially equivalent in money or moneys worth to the full value of such property."

The last paragraph above quoted is particularly important for a determination of the issue presented, it being the contention of the Tax Commission that said sum so mentioned in said contract and transferred by the second party to the parties of the first part, was an assignment or gift without valuable consideration substantially equivalent in money or moneys worth to the full value of such property; that it was in fact, without consideration except for the sum of $68.12 computed to be the earned part of the $4700 for the 3 months and 19 days which the decedent after the entering into of the contract, lived.

It is claimed in effect by the defendants that the said Conrad J. Hartline bought and paid for a right to live with the parties of the first part and be supported in the manner provided in said contract during the full term of his natural life; that their agreement to so support him was a full and adequate consideration for the money so received and that the transaction did not constitute a gift as claimed by the Tax Commission.

This court has been furnished the opinion of Judge J. G. Devaul who heard this case in the Court of Common Pleas, which this court has carefully perused and considered and it may now be said and is in full accord therewith. And having thus declared the finding of this court in conformity with that of the Court of Common Pleas, but little more need be or will be said concerning the issues in this case.

The decedent was about sixty two years of age at the time of entering into the contract; he was a single man without family or dependents; he had taught school for many years and later had been engaged in farming and other pursuits; he was apparently in good physical condition and of mentality above that of the average man. At his age the tables of mortality gave him something over eleven years to live. A doctor testifies in the case who had treated him and was familiar with his condition that he observed nothing to indicate that he might not live to the full period of his expectancy. He agreed in h's contract to turn over to the first parties $4700; at the time of his death he had only delivered $4200 and the administrator says that the $500 which was not paid, was thereupon waived and not further claimed by him. This evidently explains some discrepancy in the case regarding the amount involved. Having thus secured this support this man had provided for his succeeding years all that was necessary for a comfortable support. Taking into consideration

what might reasonably be anticipated to happen in the future at the time the contract was entered into, it would seem quite clear that the decedent made a very advantageous contract. His brother and the brother's wife, parties of the first part, undertook the hazard of long illness or helplessness, which not infrequently occurs with people of advanced age; possible mental impairment, conditions which make the support of an aged person disagreeable and onerous, and it may be understood from this case that this support was contracted to be given by the first parties by reason of the fact that the decedent was a brother and would not presumably otherwise be able to secure elsewhere as good terms; he was relieved of the care and worry over the preservation of his property which might be anticipated at that time to a considerable extent, and now with the lapse of time since the making of the contract, nationwide conditions indicate that presumably, if he had retained his property under his own control that it would have been lost or substantially impaired during the prevailing period of depression. It is true that Conrad J. Hartline only lived a few months after entering into the performance of this contract. He died suddenly as the result of a stroke. This was something, however, that there was no reason for anticipating at the time the contract was entered into. The contract is construed as being and as having intended to be by the parties thereto, an absolute and irrevocable payment of said money as a full consideration for the support contracted to be given to him. There was one exception provided for that in case either or both of the parties of the first part should die during the life time of the second party, that he then had a right to terminate the contract and withdraw the unearned part of the consideration therefor, computing the same at $225 per year.

Conrad Hartline had about $1500 of other property not conveyed by this contract; he had the income from this property. By the terms of the contract the interest received from the consideration of this contract as it gradually diminished at the rate of $225 per year, was to be equally divided between the parties, so that the decedent had in addition to this provision, after all proper expenses a considerable income to be disposed of as he desired. Of his remaining property he made disposition by his last will and testament.

It thus appears to this court that the sum of money so provided as a condition of said contract was not an assignment or

gift made without valuable consideration, but that he received at the time full consideration and made an advantageous provision for his support as hereinbefore suggested. This court therefore, finds that there was no prejudicial error in the conduct of determination of this case by the Court of Common Pleas and that court is therefore, affirmed.

CARTER and NICHOLS, JJ, concur.